**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT LEE ANDERSON, | : | Civil No. 3:22-cv-1016 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| COMMONWEALTH OF PENNSYVANIA, *et al.*, | : | |
| Respondents | : | |

FILED
SCRANTON
NOV 18 2022
PER
DEPUTY CLERK

**MEMORANDUM**

Petitioner Robert Lee Anderson ("Anderson") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Cumberland County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will deny the petition.

## I. Background

On February 15, 2019, following a jury trial, Anderson was found guilty of first-degree murder, persons not to possess a firearm, and recklessly endangering another person. *See Commonwealth v. Anderson*, https://ujsportal.pacourts.us, electronic docket number CP-21-CR-0003342-2016. On February 16, 2019, the penalty phase began. *Id.* On February 18, 2019, the jury unanimously returned a life sentence. *Id.* On March 12, 2019, the trial judge formally sentenced Anderson to life imprisonment without the possibility of parole for the first-degree murder conviction and concurrent periods of confinement for the remaining

offenses. *Id.* Counsel filed timely post-sentence motions challenging the sufficiency of the evidence, the weight of the evidence, the admission of Rule 404(b) evidence, a claim of prosecutorial misconduct (related to witness intimidation, violations of the discovery rules, and improper statements during closing arguments), the use of a magnifying glass by the jury, and a *Brady*[1] violation related to a Commonwealth witness. (Docs. 18-3, 18-4). On September 6, 2019, the trial court granted Anderson's post-sentence motions, vacated the judgment of sentence, and granted a new trial based on the alleged *Brady* violation. (Doc. 18-7). The Commonwealth filed a timely appeal to the Pennsylvania Superior Court. (Doc. 18-8). Anderson also filed an appeal to the Pennsylvania Superior Court to preserve future appeal rights related to issues raised in the post-sentence motions. (Doc. 18-9). The parties subsequently reached an agreement to resolve the case, and the Superior Court relinquished jurisdiction and remanded the case back to the Cumberland County Court of Common Pleas on January 23, 2020. (Doc. 18-10).

Thereafter, on January 27, 2020, Anderson entered a no contest plea to one count of criminal homicide of the third degree, with an agreement for a sentence of six to twelve years, followed by ten years of supervision. (Docs. 18-12, 18-13, 18-14, 18-15). Anderson did not file a direct appeal from that sentence.

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

On August 7, 2020, Anderson filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 18-16). Counsel was subsequently appointed to represent Anderson and counsel filed a motion to withdraw the PCRA petition on behalf of Anderson. (Docs. 18-17, 18-18). On May 13, 2021, the PCRA court granted the motion to withdraw the PCRA petition. (Doc. 18-19).

On July 8, 2021, Anderson filed his second *pro se* PCRA petition. (Doc. 18-20). Counsel was appointed to represent Anderson. (Doc. 18-21). Appointed counsel determined that Anderson's PCRA petition was untimely because his judgment of sentence became final on February 26, 2020, and the time to file a PCRA petition expired on February 26, 2021, and that Anderson did not meet any statutory exceptions to the time bar. (*Id.*). Appointed counsel filed a no-merit letter and, on January 28, 2022, the PCRA court dismissed the petition "at the request of the Defendant." (Doc. 18-22). Anderson did not file an appeal to the Pennsylvania Superior Court.

On or about June 16, 2022, Anderson filed the instant federal habeas petition. (Doc. 1). Respondents filed a response arguing that: (1) the petition must be dismissed as untimely; or, in the alternative (2) the petition must be denied based on Anderson's failure to exhaust his state court remedies. (Doc. 18). The petition is ripe for resolution.

## II. <u>Timeliness of the Habeas Petition</u>

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Anderson was sentenced on January 27, 2020. No direct appeal was filed. Therefore, his judgment of sentence became final on February 26, 2020. *See* PA. R. APP. P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."); *see also Nara*, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A). Anderson had one year after his sentence became final to file his federal habeas petition. The AEDPA statute of limitations under § 2254(d)(1)(A) expired on February 26, 2021. However, Anderson did not file the instant petition until June 16, 2022, more than one year after the expiration of the statute of limitations. Therefore, the instant petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

### A. Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. *See* 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on

February 26, 2020 and, absent any tolling, would expire on February 26, 2021. However, pursuant to 28 U.S.C. § 2244(d)(2), when Anderson filed his first PCRA petition on August 7, 2020, the AEDPA's filing period was statutorily tolled. At this point, the AEDPA clock ran for 163 days, with 202 days of the one-year filing period remaining. The statute remained tolled until April 12, 2021, after the expiration of the thirty-day time period to file a notice of appeal with the Pennsylvania Superior Court. On April 12, 2021, the statute began running again, and the 202 days remaining in which to file his federal petition expired on November 1, 2021.

During that time, on October 7, 2021, Anderson filed a second PCRA petition. The state court found the petition to be untimely. As stated, § 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An application is "properly filed" for statutory tolling purposes "when its delivery and acceptance are in compliance with the [state's] applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Because Anderson's PCRA petition was untimely, it did not properly toll the AEDPA statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (holding that PCRA petition had no effect on tolling because "the limitations period had already run when it was filed"). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter'

for purposes of § 2244(d)(2)." *See id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See id.* at 417 ("Because the state court rejected Petitioner's PCRA petition as untimely, it was not 'properly filed," and he is not entitled to statutory tolling under § 2254(d)(2)."). Accordingly, Anderson is not entitled to further statutory tolling for the period during which his second PCRA petition was pending.

As a result, absent equitable tolling or the applicability of the actual innocence exception, Anderson's federal habeas petition is more than one year late.

**B. Equitable Tolling**

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt*, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient.

*See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Additionally, the Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383 386 (2013). Such claims, however, are "rarely successful." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). To prevail under this standard, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *See id.* at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of

justice that would allow a habeas court to reach the merits of a barred claim." *See id.* at 316.

In the instant case, Anderson claims that the discovery of new evidence should serve as a gateway through which he may pass the one-year time bar for filing an otherwise untimely federal habeas corpus petition. (Doc. 1, p. 13; Doc. 1-1). Based on this assertion, the Court declines to dismiss the instant habeas petition as untimely and will address Respondents' alternative argument.

## III. Exhaustion and Procedural Default

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351(1989); *Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1996), *abrogated on other grounds by Beard v. Kindler*, 558 U.S. 53 (2009); *Burkett v. Love*, 89 F.3d 135, 137 (3d Cir. 1996). Moreover, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion will be considered satisfied. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (stating "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to

resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process."); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard*, 404 U.S. at 275 (1971); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). The petitioner has the burden of establishing that the exhaustion requirement has been met. *Ross v. Petsock*, 868 F.2d 639, 643 (3d Cir. 1989); *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state petitioner's claim prior to exhaustion when no appropriate state remedy exists. *Christy v. Horn*, 115 F.3d 201, 206 (3d Cir. 1997); *Doctor*, 96 F.3d at 681; *Carter v. Vaughn*, 62 F.3d 591, 594 (3d Cir. 1995). Nevertheless, a petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c).

Turning to procedural default, if a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *Lines*, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either: (1) "cause" for the procedural default and "actual prejudice" as a result of the alleged violation of federal law; or (2) failure to consider the claims will result in a "fundamental miscarriage of justice." *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750; *Caswell v. Ryan*, 953 F.2d 853, 857, 861-62 (3d Cir. 1992). To satisfy the first exception, a petitioner must show: (1) cause for his failure to raise his claim in state court; and (2) prejudice to his case as a result of that failure. *Coleman*, 501 U.S. at 750. To demonstrate "cause" for a procedural default, the petitioner must show that something "external" to the defense impeded the petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Once "cause" has been successfully demonstrated, a petitioner must then prove "prejudice." "Prejudice" must be something that "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. Alternatively, a federal court may excuse a procedural default when the petitioner establishes that failure to review the claim will result in a fundamental miscarriage of justice. *See Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000).

Here, Anderson seeks habeas relief based on the following grounds: (1) evidence of prior bad acts should have been suppressed under the fruit of the poisonous tree doctrine; (2) prosecutorial misconduct; (3) his double jeopardy rights were violated; and (4) he is entitled to acquittal under King's Bench authority. (Doc. 1). To comply with the exhaustion

requirement of 28 U.S.C. § 2254, Anderson was required to present all his federal habeas claims to the state courts in either a direct appeal or in a PCRA proceeding. Anderson did not file a direct appeal. He filed his first PCRA petition, but later withdrew the petition. Anderson then filed a second PCRA petition alleging that double jeopardy should have applied because of prosecutorial misconduct during trial, the *Brady* violation relating to a Commonwealth witness, former detective Christopher Collare's indictment in 2020, and because the district attorney both prosecuted the case and presided as judge over the grand jury. (*See* Doc. 18-21, p. 8). The PCRA court ultimately dismissed the petition "at the request of the Defendant." (Doc. 18-22). Anderson did not file an appeal to the Pennsylvania Superior Court. Because Anderson has not "fairly present[ed]" his claims in "one complete round of the state's established appellate review process," 28 U.S.C. § 2254(b)(1)(A), before raising them in his federal habeas petition, the Court must now determine whether Anderson has any other available state court remedy through which he can present his unexhausted claims.

Under the PCRA, a petitioner may bring an additional PCRA petition only if it is filed within one year of the date the judgment becomes final unless the petition alleges facts that meet one of the requirements set forth in § 9545(b)(1), which Anderson has not. *See* 42 PA. CONS. STAT. § 9545(b)(1). The Supreme Court of Pennsylvania has held that the PCRA's timeliness requirements are mandatory and jurisdictional in nature; thus, no court may properly disregard or alter them in order to reach the merits of the claims raised in a

PCRA petition that is filed in an untimely manner. *See, e.g., Commonwealth v. Murray*, 753 A.2d 201, 202-03 (Pa. 2000). Consequently, Anderson is precluded from presenting his unexhausted claims in another PCRA petition based on the time limitations set forth in the PCRA. These time limitations are an independent and adequate state law ground sufficient to invoke the procedural default doctrine for purposes of federal court review. *See Lines*, 208 F.3d at 165. As set forth above, this Court may not review Anderson's defaulted claims unless he demonstrates cause and prejudice for his default or establishes a fundamental miscarriage of justice. *McCandless*, 172 F.3d at 260.

Anderson first argues that exhaustion should be excused because he was "forced to withdraw [his second PCRA petition] under threat to reinstate life sentence." (Doc. 1, p. 3). Anderson states that he raised all four federal habeas claims in his second PCRA petition but acknowledges that he did not appeal the denial of his PCRA petition. (*See* Doc. 1). The record confirms that appointed counsel determined that Anderson's second PCRA petition was untimely, and he did not meet any statutory exceptions to the timeliness requirement. (Doc. 18-21). Specifically, counsel determined that there was no evidence of governmental interference, the evidence was not newly discovered because Anderson was aware of the facts prior to, during, and immediately after his initial trial in 2019, and neither the United States Supreme Court nor the Pennsylvania Supreme Court recognized a new constitutional right that would apply retroactively. (*Id.*). The PCRA court therefore dismissed the PCRA petition "at the request of the Defendant." (Doc. 18-22). Anderson

never filed an appeal of this decision and essentially abandoned the claims raised in his second PCRA petition by failing to appeal to the Pennsylvania Superior Court. He has failed to establish that he was "forced to withdraw" the PCRA petition.

Anderson next cites to after-discovered evidence to excuse his failure to exhaust. (Doc 1; Doc. 1-1). Anderson contends that Christopher Collare, a former detective with the Carlisle Police Department ("CPD"), was convicted of federal crimes. (*Id.*). Specifically, on January 16, 2020, a grand jury indicted Collare for sixteen counts of wire fraud, four counts of honest services mail fraud, one count of federal program bribery, one count of public official bribery, one count of distribution of heroin, and six counts of making a false statement. (*See* Doc. 18-11, *United States v. Collare*, No. 1:20-cr-17 (M.D. Pa.)). According to the facts alleged in the indictment, Collare was an officer with the CPD from 1996 to 2018 and served as a member of the Cumberland County Drug Task Force from 2011 to 2018. (*Id.*). During that time, Collare served as a member of the FBI's Capital City Safe Streets Task Force in Harrisburg, Pennsylvania. (*Id.*). In performing his work for the CPD and the two task forces, Collare recruited and enlisted confidential informants to assist with drug investigations and supervised the confidential informants' participation in controlled buys of narcotics. (*Id.*). Anderson contends that former detective Collare was involved in the investigation of his underlying criminal case. (Doc. 1, p. 5). However, the evidence relating to Christopher Collare's federal charges pre-dates Anderson's plea. Christopher Collare was indicted by a federal grand jury on January 16, 2020, and was

convicted on July 16, 2021, following a jury trial. (*See* Doc. 18-11, *United States v. Collare*, No. 1:20-cr-17 (M.D. Pa.)). Anderson entered his no contest plea on January 27, 2020. (Doc. 18-12). Moreover, trial counsel raised claims related to former detective Collare in pretrial motions and during trial and subpoenaed his personnel records to raise claims related to alleged police misconduct and the FBI investigation of Collare. (Docs. 18-2, pp. 7-9). Anderson also raised this claim in his second PCRA petition. It is clear that the information related to former detective Collare's federal indictment was known to Anderson at the time of his trial, and immediately thereafter, and is not after-discovered evidence.

Anderson fails to identify some objective external factor which prevented him from complying with the state's procedural rules in presenting his claims, and he does not demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law.[2] Nor is there any argument or indication that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Federal review of Anderson's claims is therefore foreclosed.

---

[2] Anderson does not invoke *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. To successfully invoke the *Martinez* exception, a petitioner must satisfy two factors: that the underlying, otherwise defaulted, claim of ineffective assistance of trial counsel is "substantial," meaning that it has "some merit," *id.* at 14; and that petitioner had "no counsel" or "ineffective" counsel during the initial phase of the state collateral review proceeding. *Id.* at 17; *see also Glenn*, 743 F.3d at 410. Anderson does not assert that PCRA counsel was ineffective during the initial phase of the PCRA proceedings.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Anderson failed to demonstrate that a certificate of appealability should issue.

## V. Conclusion

The Court will deny Anderson's application (Doc. 1) for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and a certificate of appealability will not issue. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: November 18, 2022